David A. Gebben, Attorney At Law
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Ph. (206) 357-8456
Fax (206) 357-8401

THE HONORABLE TIMOTHY W. DORE
Chapter 7
Hearing Location: 700 Stewart Street, Room 8106
Seattle, WA 98101
HEARING DATE/TIME: JUNE 3, 2022, 9:30 A.M.
Response Date: May 27, 2022

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>STAGING AND DESIGN NETWORK, INC.,<br><br>Debtor. | NO. 22-10472-TWD<br><br>TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS, AND FOR APPROVAL OF TRUSTEE'S STIPULATION WITH SECOND CENTURY VENTURES, LLC AND OAKESDALE BUSINESS PARK, LLC |

RONALD G. BROWN, TRUSTEE ("Trustee"), the Chapter 7 Trustee herein, by and through his legal counsel, David A. Gebben, Attorney At Law, hereby moves this Court, pursuant to 11 U.S.C. §363(b), §363(f) and §541(a), and pursuant to Bankruptcy Rule(s) 2002, 6004 and/or 9013, for an order in the form of the *Proposed Order* which is attached hereto, and in support thereof Trustee states as follows:

BACKGROUND: This case was filed as a Chapter 7 on 3-25-22. Debtor listed some assets on its *Chapter 7 Schedules*, including some inventory and equipment, etc. in a warehouse located at: 4051 Oakesdale Ave. SW, Suite C, Renton, WA 98057 ('the warehouse"). Debtor assigned a market value of $219,583.16 to its inventory, equipment, etc. situated in the warehouse at the time of filing. Debtor also indicated on its schedules that some of the inventory at the warehouse was subject to a series of consignment agreements the Debtor entered into with various other parties.

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.   -1-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 1 of 7

Second Century Ventures, LLC ("SCV") was listed as a secured creditor on the debtor's *Chapter 7 Schedules* with respect to a debt in the amount of approximately $1,077,002.45, and SCV has provided the Trustee with some documentation on that debt. Oakesdale Business Park, LLC ("OBP") was listed as the landlord for the warehouse on the debtor's *Chapter 7 Schedules*, and OBP has advised the Trustee that rent charge and other lease charges for that space were accruing at the rate of $79,715.83 per month at the time of filing. Trustee has reviewed the debtor's *Security Agreement* with SCV and related documents. Trustee has also reviewed the debtor's *Lease Agreement* with OBP, and related documents.

Trustee has now entered into a *Stipulation Between The Trustee, Second Century Ventures, LLC And Oakesdale Business Park, LLC* dated 5-9-22. Under the terms of that agreement, the parties have agreed that Trustee will carry out and complete a sale of the Debtor's inventory, equipment and other personal property situated at the warehouse on terms that are acceptable to SCV and OBP and are approved by the Bankruptcy Court. The parties have also agreed that the Debtor's Lease with OBP will be rejected effective June 30, 2022, the warehouse space will be surrendered to OBP in broom-clean condition on that date, the automatic stay will terminate as to the Lease, the warehouse space, OBP and its successors, assigns, agents, and attorneys on that date, OBP may remove and dispose of any personal property that remains on site in the warehouse space on that date in its sole and absolute discretion, and any stay of the Court's order under Federal Rule of Bankruptcy Procedure 4001(a)(3) will be waived.

The agreement also confirms that SCV held a perfected security interest in all of the Debtor's assets at the time of the Debtor's bankruptcy filing and was owed a debt in the total amount of $1,131,460.29 at that time, and states that SCV is entitled to an allowed secured claim in the bankruptcy case in that amount.

The agreement also states that the Trustee will receive 30% of the net sale proceeds from his sale of the Debtor's assets, free from any security interest that is claimed by SCV and free from any administrative rent claim that is claimed by OBP, and states that 20% of the net sale proceeds shall be paid to OBP as compensation for that party's administrative rent claim, and states that 50% of the net sale proceeds shall be paid to SCV as compensation for that party's security interest in the assets that were

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.  -2-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 2 of 7

sold by the Trustee. With respect to the Debtor's accounts receivable which have been collected by the Trustee during the course of this bankruptcy case in the amount of $22,466.81, the agreement states that the Trustee shall be allowed to retain 50% of those accounts receivable for the bankruptcy estate, free from any security interest that is claimed by SCV, and the remaining 50% of those accounts receivable shall be paid to SCV as compensation for that party's security interest in those accounts receivable.

In the Trustee's opinion, the *Stipulation* that he entered into with SCV and OBP is reasonable under the settlement criteria which are set forth in *In re A&C Properties*, 784 F.2d 1377 (9thCir. 1986), where the Ninth Circuit identified the following four factors for the Bankruptcy Court to consider in evaluating a proposed settlement: (a) the probability of success, (b) the difficulty, if any, for collection, (c) the complexity of the claims involved and the expense necessary to pursue them, and (d) the best interests of creditors. The *Stipulation* in this case is reasonable because it is designed to allow the estate to receive a benefit from the Trustee's sale of the Debtor's inventory, equipment, etc. On the other hand, without such an agreement, the bankruptcy estate would, most likely, not receive a benefit from the Debtor's personal property assets because the secured claim held by SCV and the administrative rent claim held by OBP would eliminate any potential benefit to the estate from those assets. Consequently, the Trustee recommends that such agreement should be approved by the Bankruptcy Court.

MOTION TO HIRE AN AUCTIONEER TO COMPLETE A SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS,: At the time of the Debtor's bankruptcy filing, all of the Debtor's legal and equitable interests in property became property of the bankruptcy estate in the Debtor's bankruptcy case. See 11 U.S.C. §541(a). See also: *Hamilton v. State Farm & Casualty Co*., 270 F.3d 778, 785 (9thCir.2001). Thus, all of the Debtor's physical and intangible assets became part of the bankruptcy estate at the time of filing, and Trustee is the legal representative of the bankruptcy estate, under 11 U.S.C. §323(a).

Trustee proposes to hire James G. Murphy Co., PO Box 82160, Kenmore, WA 98028 ("Murphy"), to complete an online auction of all of the inventory, equipment, etc. situated in the warehouse at the time of filing. Trustee proposes to sell that property "as is" and without warranty, and free and clear of all

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.    -3-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 3 of 7

liens, encumbrances and other interests, pursuant to the provision(s) of 11 U.S.C. §363(f), provided that all of those liens, encumbrances and other interests, if any, shall attach to the sale proceeds that the Trustee receives from his sale of those items, so the validity and/or priority of those liens, encumbrances and other interests may be determined by the Bankruptcy Court at a later date.

To the best of the Trustee's knowledge, Murphy is competent to perform the auction, and Murphy qualifies as a disinterested person in this matter, under 11 U.S.C. 101(14). To the best of the Trustee's knowledge, Murphy has a bond in place in the amount of $1,000,000 to protect customers who hire the company to sell items at an auction, and that bond is not currently subject to any pending sales. Trustee's proposal to hire Murphy is supported by the *Declaration of Colin Murphy Under Bankruptcy Rule 2014* dated on or about 5-10-22, which is being submitted herewith.

Trustee proposes that Murphy shall collect a 13% buyer's premium on all sales at the auction, with such commission to be paid to Murphy from the gross sale proceeds. Trustee also proposes to reimburse Murphy for all reasonable auction expenses, including all advertising expenses, not to exceed a total of $6,950.00, and all labor and transportation expenses, and other expenses, not to exceed a total of $25,652.00, with those costs to be paid to Murphy from the gross sale proceeds. A copy of the *Auction Proposal* that Murphy provided to the Trustee, and a copy of the *Proposed Auction Contract* that Murphy provided to the Trustee, are attached as exhibits to the *Declaration Of Ronald G. Brown, Trustee In Support Of His Proposed Sale Of Assets Free And Clear Of Liens And Other Interests, And For Approval Of His Stipulation With Second Century Ventures, LLC And Oakesdale Business Park, LLC* dated on or about 5-9-22.

The auction has been tentatively scheduled to be conducted online, at: *murphyauction.com* in the month of June. Additional information on the date(s) and time(s) of the auction, and the item(s) that will be included in the auction, can be obtained from the auctioneer at: *murphyauction.com*.

With respect to any lien(s) on the Debtor's personal property, Trustee has reason to believe that SCV holds a blanket security interest in Debtor's personal property situated in the warehouse. However,

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.    -4-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 4 of 7

Trustee has reached an agreement with SCV, as described above, that provides for the Trustee to complete a sale of the personal property situated in the warehouse.

Trustee is aware of a possible lien on two forklifts and three pallet racks which are located in the warehouse, which might be claimed by HYG Financial Services, Inc., or by Wells Fargo Financial Services, based on a UCC filing in the State of Washington. However, the validity of that lien is disputed by the Trustee because notice of that lien was not filed under the debtor's proper name, Staging and Design Network, Inc., as required by UCC Section 9-503(e), and notice of that lien was not filed in the State of Delaware, as required by UCC Section 9-307(e). Consequently, the Trustee proposes to include those items in the sale, with any questions about the validity of that lien to be determined by the Court at a later date.

Trustee's proposal to sell the debtor's personal property free and clear of liens is supported by *In re Jolan, Inc*., 403 B.R. 866 (Bankr.W.D.Wash. 2009), where the Court held that the Trustee could sell the personal property asset(s) in that case free and clear of the interests(s) of the (alleged) lien creditor(s) who were involved in that case, pursuant to 11 U.S.C. §363(f)(5).

Debtor indicated on its schedules that some furniture and some other inventory items which were stored in the warehouse were subject to consignment agreements that the Debtor entered into with various other parties. Trustee obtained a copy of a sample consignment agreement, which provided for the termination of the agreement and for the sale the furniture in question under certain circumstances. See "*Exhibit 4*" to the *Declaration Of Ronald G. Brown, Trustee In Support Of His Proposed Sale Of Assets Free And Clear Of Liens And Other Interests, And For Approval Of His Stipulation With Second Century Ventures, LLC And Oakesdale Business Park, LLC* dated on or about 5-9-22. The agreement also stated (on page 3) that the party who supplied the goods would receive 40% of the sale proceeds from a consignment sale of the furniture that was provided.

Under these circumstances, where investors (or consignors) have supplied goods to the debtor (who held the position of a consignee under the terms of the relevant consignment agreements), which can be sold by the party in possession of the goods under certain circumstances, the law provides that the

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.    -5-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 5 of 7

consignee (i.e. the party in possession of the goods) can transfer legal title to the goods to a third party purchaser. See, e.g., UCC Section 9-319(a), or RCW 62A.9A-319(a).

In the bankruptcy context, a bankruptcy filing by a consignee in possession of consigned goods brings the consigned goods into the bankruptcy estate. See, e.g., *In re Pettit Oil Co.*, 917 F.3d 1130 (9thCir.2019), where the Ninth Circuit explained that consigned goods become property of the bankruptcy estate of the consignee debtor. In the present case, that means that the consigned goods are property of the estate, under 11 U.S.C. §541(a), and may be sold by the Trustee, pursuant to 11 U.S.C. §363(b).

In *Pettit Oil Co.*, the Ninth Circuit also explained that a consignor of goods could obtain a perfected security interest in the goods by filing a financing statement with the appropriate authority, but the consignee in *Pettit Oil Co.* did not take that step and the Court held that the trustee's strong arm power under 11 U.S.C. §544(a) would take precedence over an unperfected security interest in the goods. *Id.*, 917 F.3d 1130, 1133-1134.

In this case, the Trustee is not aware of any UCC financing statements that were filed (and were not terminated) with respect to any consignment agreements at issue in this case. Thus, the Trustee disputes the validity of any alleged liens based on those consignment agreements, and the Trustee proposes to sell the goods in question free and clear of any alleged interest(s) in those goods, pursuant to 11 U.S.C. §363(f).

Furthermore, a sale of the consigned goods provides the only practical solution for the Trustee to clear out the Debtor's warehouse space so he can surrender the space to the landlord and generate a return for the bankruptcy estate from a sale of the Debtor's inventory. The Trustee is not operating the Debtor's business, and does not have the ability to separate the furniture in the warehouse into consignment sections and non-consignment sections. Time is also of the essence in this matter, with a large landlord's rent claim in the background, which is continuing to accrue at the rate of $80,000 per month. Thus, the Trustee submits that a sale of *all* of the inventory and equipment, etc. that is presently being held in the warehouse is the only option that will generate a benefit for the bankruptcy estate and for the creditors in this case.

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC.      -6-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 6 of 7

With respect to any personal property that is situated in the warehouse that does not appear to hold auction value for the estate in the view of the auctioneer, the Trustee proposes to abandon that property and dispose of that property, so the warehouse space can be cleared out in accordance with the Trustee's agreement with the landlord. The Trustee has already had an opportunity to visit the warehouse and remove the items that believes will be necessary to the administration of the case, and the Trustee does not to wish to retain any items that do not hold auction value for the estate in the view of the auctioneer. Trustee submits that any personal property items that do not hold auction value for the estate in the view of the auctioneer are burdensome to the estate and of inconsequential value to the estate. Thus, the Trustee proposes to abandon those items and dispose of those items, so the warehouse can be cleared out in accordance with the Trustee's agreement with the landlord. Under 11 U.S.C. §554(a), Trustee may abandon any property of the estate that is burdensome to the estate or of inconsequential value to the estate. See, e.g., *In re Johnston*, 49 F.3d 538 (9thCir.1995).

In conclusion, Trustee submits that an auction of *all* of the personal property in the warehouse is in the best interest of the bankruptcy estate, and in the best interest of the creditors in this case, and Trustee submits that his auction proposal and the other proposals outlined herein, should be approved by the Bankruptcy Court.

WHEREFORE, Trustee hereby prays for entry of an order in this matter in the form of the *Proposed Order* which is attached hereto.

Dated this ___10th___ day of May, 2022.

David A. Gebben, Attorney At Law

_____*/S/ David A. Gebben*_____
By: David A. Gebben, WSBA #16290
Attorney for Trustee

TRUSTEE'S MOTION TO SELL THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, ETC. -7-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 22-10472-TWD    Doc 38    Filed 05/10/22    Ent. 05/10/22 11:53:12    Pg. 7 of 7